UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH MARIE HENDRICKS, Petitioner, v. WYLEY Z JENKINS, Respondent. | Case No. 19-cv-04427-EMC  **ORDER TO SHOW CAUSE** Docket No. 1 |

Hannah Marie Hendricks, a prisoner at the Federal Correctional Institution in Dublin, California, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence.

A district court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

Ms. Hendricks pled guilty and was convicted in the United States District Court for the District of Idaho in 2018 to one count of possession with intent to distribute methamphetamine, cocaine, and heroin. *See United States v. Hendricks*, D. Idaho Case No. 0976 1:16CR00146-002 at Docket No. 119 (judgment in a criminal case). She was sentenced to 60 months' imprisonment. *Id.* at 2. Her petition and attachments thereto in the present action indicate that she received a

"gun enhancement" on her sentence. Docket No. 1 at 10. Her petition and attachments thereto also state that, while in custody, she participated in the Residential Drug Abuse Program but was denied a sentence reduction otherwise available under 18 U.S.C. § 3621(e) because of the "gun enhancement." Docket No. 1 at 8, 10.

In her petition for writ of habeas corpus, Ms. Hendricks contends that the Bureau of Prisons ("BOP") improperly relied upon the "gun enhancement" to determine that she was ineligible for a sentence reduction under 18 U.S.C. § 3621(e) upon the completion of the Residential Drug Abuse Program. She also alleges that the BOP failed to set forth a valid rational for its categorical exclusion of persons with firearm enhancements from the sentencing benefits of 18 U.S.C. § 3621(e)(2), and that this entitles her to relief under 5 U.S.C. § 706. Liberally construed, the allegations in the petition warrant a response from Respondent.

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent, the United States Attorney for the Northern District of California (as attorney for Respondent), and the Attorney General of the United States in Washington, D.C. The Clerk also shall serve a copy of this order upon Petitioner.

2. Respondent must file and serve upon petitioner no later than **February 14, 2020,** an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all documents that are relevant to a determination of the issues presented in the petition. *Although respondent likely will rely on documents from the BOP to show the decision-making process, he also is urged to demonstrate – preferably by reference to documents from the sentencing court rather than from the BOP -- that petitioner's conviction did "involve[] the carrying, possession, or use of a firearm or other dangerous weapon," 28 C.F.R. § 550.55(b)(5)(ii), if that is the basis for the denial of early release.*

///

///

///

3. If petitioner wishes to respond to the answer, she must file and serve on respondent her traverse no later than **March 13, 2020**.

**IT IS SO ORDERED**.

Dated: December 18, 2019

_____
EDWARD M. CHEN
United States District Judge