1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    HANNAH MARIE HENDRICKS,                    Case No.  19-cv-04427-EMC

8                       Petitioner,

                                                **ORDER DENYING PETITION FOR**
9              v.                               **WRIT OF HABEAS CORPUS**

10   WYLEY Z JENKINS,

11                      Respondent.

12

13

14                          **I.**      **INTRODUCTION**

15          Hannah Marie Hendricks, formerly a federal prisoner at the Federal Correctional

16   Institution in Dublin, California, and now a prisoner at the Federal Correctional Institution in

17   Victorville, California, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.

18   § 2241 to challenge the determination that she is not eligible for a sentence reduction upon

19   completion of a drug abuse treatment program.  For the reasons discussed below, the petition will

20   be denied.

21                          **II.**      **BACKGROUND**

22   A.    Criminal Conviction and Sentence

23          Ms. Hendricks pled guilty and was convicted in the United States District Court for the

24   District of Idaho of possession with intent to distribute methamphetamine, cocaine, and heroin

25   (*see* 21 U.S.C. § 841(a)(1)).  Docket No. 11-1 at 2.

26          The presentence investigation report in her criminal case described the criminal episode on

27   which her conviction is based:  Ms. Hendricks was driving a vehicle that had been rented by

28   passenger Jerod Leon Nielson when she was stopped by an Idaho State Police officer on May 6,

2016.  Docket No. 110 at 5 in *United States v. Hendricks*, D. Idaho Case No. 16-cr-146-BLW.
The officer contacted the rental company, which requested that the vehicle be impounded.  *Id.*
During the stop, Ms. Hendricks walked into a nearby business and was observed disposing of a
brown paper sack in the trash and leaving a shoulder bag in the bathroom.  *Id.*  "The officer
located syringes, including one that had been used which had white flaky residue, and marijuana
roaches in the brown paper bag.  The shoulder bag had marijuana residue in one of the pockets."
*Id.*  Ms. Hendricks "ultimately told the officer that Jerod Leon Nielson told her to throw the paper
bag away and to take the should [sic] bag to the bathroom and take a green box out of the
backpack and leave it in the bathroom.  The officer located the box in the bathroom and
determined that it contained Methamphetamine, cocaine, heroin, marijuana, digital scales and
plastic baggies."  *Id.*  The officer also found an "AK47 rifle with five magazines" inside the
vehicle.  *Id.*  Mr. Neilson was charged with unlawful possession of a firearm.  *Id.* at 3.

　　　In a section labelled "Specific Offense Characteristic," the presentence investigation report
for Ms. Hendricks stated: "A dangerous weapon was possessed, the offense level is increased by 2
levels.  Section 2D1.1(b)(1)" of the U.S. Sentencing Guidelines.  *Id.* at 7.

　　　The sentencing court imposed on Ms. Hendricks a 60-month term of imprisonment, to be
followed by a three-year term of supervised release.  *See* Docket No. 11-1 at 2-4.  In its Statement
of Reasons for the sentence imposed, the sentencing court "adopt[ed] the presentence investigation
report without change."  Docket No. 120 at 1 in *United States v. Hendricks*, D. Idaho Case No. 16-
cr-146 BLW.

B.　　The Residential Drug Abuse Treatment Program

　　　The U.S. Bureau of Prisons (BOP) must "make available appropriate substance abuse
treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction
or abuse."  18 U.S.C. § 3621(b).  To carry out this requirement, "the Bureau of Prisons shall,
subject to the availability of appropriations, provide residential substance abuse treatment (and
make arrangements for appropriate aftercare) . . . for all eligible prisoners . . . , with priority for
such treatment accorded based on an eligible prisoner's proximity to release date."  18 U.S.C.
§ 3621(e)(1)(C).  The BOP offers an intensive nine-month residential treatment program and

1    incentivizes prisoners to enroll in that program by offering a possible reduction in sentence.

2    Docket No. 11 at 2.  "The period a prisoner convicted of a nonviolent offense remains in custody

3    after successfully completing a treatment program may be reduced by the Bureau of Prisons, but

4    such reduction may not be more than one year from the term the prisoner must otherwise serve."

5    *See* 18 U.S.C. § 3621(e)(2)(B).  A prisoner may be admitted into the Residential Drug Abuse

6    Treatment Program (RDAP) regardless of her eligibility for early release under the incentivizing

7    provision in § 3621(e)(2)(B).

8        As part of the RDAP admission process, a prisoner is considered for a sentence reduction.

9    Docket No. 11 at 3.  Various persons at the BOP determine whether the prisoner qualifies for early

10   release by, among other things, examining information about the prisoner's current offense.  *Id.* at

11   3-4.  The Designation and Sentence Computation Center (DSCC) Legal Department determines,

12   in accordance with applicable regulations and BOP Program Statements 5331.02 and 5162.05,

13   whether a prisoner is precluded from receiving early release.  Docket No. 11 at 3.  To do so, the

14   DSCC Legal Department reviews the prisoner's DSCC-maintained electronic sentence

15   computation file, which includes the Judgment and Commitment Order, Statement of Reasons,

16   Presentence Investigation Report, and any other relevant sentencing documentation.  *Id.*  The

17   DSCC also will consider whether early release consideration is precluded by prior offenses if it is

18   not precluded by the current offense.  *Id.* at 3-4.

19       In deciding whether the current offense precludes early release consideration, the DSCC

20   decides whether any of the prisoner's current offenses satisfy the criteria in 28 C.F.R. § 550.55(b),

21   and related BOP Program Statements 5331.02 and 5162.05.

22       The regulation used by the BOP to decide whether the current offense precludes early release

23   consideration provides, in relevant part, that, "[a]s an exercise of the Director's discretion, the

24   following categories of inmates are not eligible for early release: . . . Inmates who have a current

25   felony conviction for: . . . [a]n offense that involved the carrying, possession, or use of a firearm or

26   other dangerous weapon or explosives (including any explosive material or explosive device)" or

27   "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against

28   the person or property of another."  28 C.F.R. § 550.55(b)(5)(ii-iii).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Program Statement 5162.05 that the BOP looks at to decide whether the current

2   offense precludes a prisoner from early release consideration categorizes offenses to, among other

3   things, "assist in the implementation of various Federal Bureau of Prisons policies and programs."

4   Docket No. 11-1 at 25.  Section 4 of Program Statement 5162.05 lists offenses that, in the BOP

5   Director's discretion, preclude a prisoner from receiving certain BOP program benefits, "such as

6   early release pursuant to 18 U.S.C. § 3621(e)."  Docket No. 11-1 at 32.  Section 4.b describes

7   convictions with specific offense characteristic (SOC) enhancements that may preclude the

8   prisoner from receiving certain BOP program benefits.  Docket No. 11-1 at 34.  Section 4.b

9   includes an example of a person whose SOC enhancement will preclude her from receiving certain

10   BOP program benefits – an example that describes Ms. Hendricks' situation rather closely (except

11   that she was convicted of possession with intent to distribute rather than manufacturing).  Docket

12   No. 11-1 at 34.  The example explains that a person convicted under 21 U.S.C. § 841 can receive a

13   two-level increase in his or her base offense level because of an SOC if, for example, "a dangerous

14   weapon was possessed during commission of the offense."  Docket No. 11-1 at 34.

15           This particular "Specific Offense Characteristic" (possession of a
             dangerous weapon during the commission of a drug offense) poses a
16           serious potential risk that force may be used against persons or
             property.  Specifically, as noted in the U.S. Sentencing Guidelines §
17           2D1.1., application note 3, the enhancement for weapon possession
             reflects the increased danger of violence when drug traffickers
18           possess weapons.  *Accordingly, an inmate who was convicted of
             manufacturing drugs, (21 U.S.C. § 841) and received a two-level
19           enhancement for possession of a firearm has been convicted of an
             offense that will preclude the inmate from receiving certain Bureau
20           program benefits.*

21   Docket No. 11-1 at 34.   (The BOP also looks to Program Statement 5331.02 to determine whether

22   early release is precluded; neither party indicates that that program statement applied to the facts

23   of this case.)

24   C.    Ms. Hendricks Was Admitted To RDAP But Denied Early Release Consideration

25           Ms. Hendricks completed RDAP on June 29, 2019.  Docket No. 1 at 8.

26           As part of Ms. Hendricks' admission process into RDAP, Lori Cruz, a paralegal specialist

27   in the BOP's DSCC reviewed Ms. Hendricks' file.  Docket No. 11 at 5-6.  Ms. Cruz found that

28   Ms. Hendricks is "precluded from receiving § 3621(e) early release due to her current offense

4

conviction for Possession with Intent to Distribute Methamphetamine, Cocaine and Heroin." *Id.* at 5.  Applying 28 C.F.R. § 550.55(b)(5)(ii-iii), Ms. Cruz determined that Ms. Hendricks was precluded from early release consideration because her offense "'involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives,' that 'by its nature or conduct, presents a serious potential risk of physical force against the person or property of another.'"  Docket No. 11 at 5 (quoting 28 C.F.R. § 550.55(b)(5)(ii-iii)).  Ms. Cruz also applied section 4.b of Program Statement 5162.05, and determined that Ms. Hendricks was precluded from early release consideration because the presentence investigation report recommended a two-level specific offense characteristic (SOC) increase due to the possession of a firearm in the criminal episode and the sentencing court adopted the presentence investigation report without change, thereby affirming and adopting the recommended enhancement for possession of a firearm.  Docket No. 11 at 5.  The DSCC Assistant General Counsel approved the determination by Ms. Cruz that Ms. Hendricks was precluded from early release consideration.  *See* Docket No. 11-1 at 42-43.

In sum, the BOP's determination was that Ms. Hendricks was precluded from early release consideration under 18 U.S.C. § 3621(e)(2)(B) because her current offense conduct "involved the carrying, possession, or use of a firearm" and "by its nature of conduct, presents a serious risk of physical force against the person or property of another."  Docket No. 11-1 at 42-43 (citing 28 C.F.R. § 550.55(b)(5)(ii)-(iii)).  The current offense information that supported the decision was that Ms. Hendricks "was assessed a 2-pt. SOC enhancement for possession of a firearm" and the sentencing court had adopted the SOC in its statement of reasons for the sentence.  *Id.*

D.    Ms. Hendricks' Petition For Writ Of Habeas Corpus And Response Thereto

In her petition for writ of habeas corpus, Ms. Hendricks contends that the Bureau of Prisons ("BOP") improperly relied upon the firearm possession enhancement to determine that she was ineligible for a sentence reduction under 18 U.S.C. § 3621(e) upon the completion of the RDAP.  She also alleges that the BOP failed to set forth a valid rationale for its categorical exclusion of persons with firearm enhancements from the sentencing benefits of 18 U.S.C. § 3621(e)(2), and that this entitles her to relief under 5 U.S.C. § 706, the Administrative Procedure

Act.  She also argues that a "crime of violence" does not include unlawful possession of a firearm.

Respondent makes several arguments in response to the petition.  First, Respondent argues that judicial review is not available for the BOP's individualized decision to deny early release consideration for a particular prisoner.  Second, he argues that any due process claim is meritless.  Finally, he argues that the BOP properly determined that Ms. Hendricks' conviction offense precludes her eligibility for early release consideration under § 3621(e) because of the two-level increase for the Specific Offense Characteristic due to the involvement of a firearm during the crime.

### III.   DISCUSSION

A.   A Challenge To The Categorical Rule Precluding Early Release Consideration Or To The Individualized Determination Under That Categorical Rule Fails

A challenge to the BOP's categorical rule precluding prisoners from early release consideration based on a specific offense characteristic is foreclosed by *Lopez v. Davis*, 531 U.S. 230, 240–43 (2001), which upheld the BOP's discretion to determine eligibility of inmates for early release under 18 U.S.C. § 3621(e)(2)(B) and to categorically exclude prisoners based on specific offense characteristic enhancements.  The Court explained that § 3621(e)(2)(B) categorically denies early release eligibility to inmates convicted of violent offenses *and* gives the BOP discretion to impose other limitations on which prisoners who complete the drug treatment program will be granted early release.  *See Lopez*, 531 U.S. at 239-40.  "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Id.* at 241. The Supreme Court determined that the BOP could categorically exclude prisoners based on pre-conviction conduct and that the BOP properly had "conclud[ed] that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. The Court held that the BOP had reasonably exercised its discretion under 18 U.S.C. § 3621(e)(2)(B) in implementing the regulation (i.e., former 28 C.F.R. § 550.58(a)(1)(vi)(B)) that categorically precluded early release consideration for an inmate whose

United States District Court
Northern District of California

6

current offense involved the carrying, possession, or use of a firearm or other dangerous weapon. *Id.* at 232.  The particular regulation addressed in *Lopez*, former 28 C.F.R. § 550.58, has been redesignated and is now 28 C.F.R. § 550.55.  *See* 69 Fed. Reg. 39887–02 (2004).

Contrary to Ms. Hendricks' argument in her petition, the BOP has not determined that her offense was a crime of violence or that her codefendant's conviction for possession of a firearm was a crime of violence.[1]  Rather, the BOP has determined that she was in a category of inmates (i.e., those whose offenses involved possession of a firearm, as evidenced by the imposition of the SOC enhancement) who are not excluded by the text of § 3621(e)(2)(B) from consideration for early release but are nonetheless precluded from consideration for early release in the exercise of the BOP's discretion.  *Lopez* upheld that exercise of discretion.

In sum, the BOP had the discretion to preclude from early release consideration those inmates whose drug offenses under 18 U.S.C. § 841 involved the possession of a firearm.   Here, the BOP exercised that discretion to determine that Ms. Hendricks was precluded from early release.  The next question is whether there is any merit to Ms. Hendricks' challenge the BOP's determination in her particular case that she was precluded from early release consideration due to her SOC enhancement.

The Administrative Procedure Act (APA) provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  But that cause of action does not exist if the relevant statute precludes judicial review or agency action is committed to agency discretion by law.  *Id.* at § 701(a).

The BOP's discretionary determinations under 18 U.S.C. § 3621 are an instance where judicial review under the APA is precluded by statute.  In 18 U.S.C. § 3625, Congress specified

---

[1] Ms. Hendricks' argument regarding crimes of violence appears to be that her offense was not one of the offenses listed in Section 3.a of the Program Statement 5162.05.  Section 3.a has a long list of offenses that are categorized as "crimes of violence," the conviction of which will make the inmate categorically ineligible for early release under 18 U.S.C. § 3621(e).  But BOP officials did not rely on Section 3.a; rather, they relied on Section 4.b of that same Program Statement, which pertains to drug offenses under 18 U.S.C. § 841 with the involvement of a firearm.  In other words, Ms. Hendricks' argument fails because it is directed at a provision that was not applied to her.

that the BOP's discretionary determinations under 18 U.S.C. § 3621 are not subject to judicial

review under the APA.

> There is no ambiguity in the meaning of 18 U.S.C. § 3625.  The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624.  The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621.  To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.  *Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.*

*Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (emphasis added); *see, e.g., id.* (BOP's

decision to expel petitioner from RDAP was not reviewable by the district court).

The district court generally "lack[s] jurisdiction to review the BOP's individualized

determinations made pursuant to 18 U.S.C. § 3621."  *Reeb*, 636 F.3d at 1228.  This Court

therefore cannot consider or grant relief on a claim that the BOP did not properly apply the

regulations and program statement when it determined that Ms. Hendricks was precluded from

being considered for early release even if she completed the RDAP.  Judicial review does,

however, "remain[] available for allegations that BOP action is contrary to established federal law,

violates the United States Constitution or exceeds the Bureau's statutory authority."  *Id.* (footnotes

omitted).  Those exceptions do not apply here.

Ms. Hendricks contends that the BOP's "promulgation of the final rule was arbitrary and

capricious because it failed to articulate a rationale for its categorial exclusion of a class of

nonviolent offenders from eligibility for early release."  Docket No. 1 at 8.  This argument fails to

persuade because the Ninth Circuit has upheld the validity of the 2009 version of the regulation at

issue, 28 C.F.R. § 550.55(b).  *See Peck v. Thomas*, 697 F.3d 767 (9th Cir. 2012).  In *Peck*, the

petitioners contended that 28 C.F.R. § 550.55 was invalid.  Noting "that every other circuit court

to consider the issue has held either the current or prior version of this regulation to be valid under

the APA," the Ninth Circuit upheld the district court's finding that, "in enacting the categorical

exclusions at issue in this case, the agency offered a public safety rationale in the administrative

United States District Court
Northern District of California

record."[2]  *Id.* at 771-72; *see also Gray v. Feather*, 540 F. App'x 665, 666 (9th Cir. 2013) ("Gray's

claim is foreclosed by our decision in *Peck v. Thomas*, in which we upheld the challenged rule [28

C.F.R. § 550.55(b)(5)(ii) (2009)] as procedurally valid under Section 706 of the Administrative

Procedure Act").  Ms. Hendricks has not shown that the BOP acted contrary to established law or

---

[2] When enacting 28 C.F.R. § 550.55 in 2009, the BOP provided this public-safety rationale:

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (*See Lopez v. Davis*, 531 U.S. 230 (2001)).  The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public.  Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.

> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in § 550.55(b)(5)(ii) and (iii).  Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public.  There is a significant potential for violence from criminals who carry, possess or use firearms.  As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." *Id.* at 240.  The Bureau adopts this reasoning.  The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity.  Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program.  However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public.  This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely.  Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).  The BOP provided the same explanation when it enacted the 2016 version of 28 C.F.R. § 550.55(b)(5).  81 Fed. Reg. 24484, 24487 (Apr. 26, 2016).

9

1    exceeded its statutory authority in applying the regulation to preclude Ms. Hendricks from early

2    release eligibility.

3    **B.**      No Due Process Violation Established

4               Finally, Ms. Hendricks has not alleged a violation of her constitutional rights.  But even if

5    the Court were to liberally construe her allegations to include a claim for a due process violation,

6    the claim would fail.  The first step in a due process analysis is determining whether *any* process is

7    due.  To obtain a constitutionally protectible right, "'a person clearly must have more than an

8    abstract need or desire for it'" and instead must have "a legitimate claim of entitlement to it.'"

9    *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  "There is no

10   constitutional or inherent right of a convicted person to be conditionally released before the

11   expiration of a valid sentence."  *Id.*

12              The problem for Ms. Hendricks is that there is no federal law that confers a protected right

13   to early release under § 3621(e).  As one court explained, the "hallmark of a statute that has not

14   created a liberty interest is discretion.  Where the statute grants the prison administration

15   discretion, the government has conferred no right on the inmate."  *Richardson v. Joslin*, 501 F.3d

16   415, 419 (5th Cir. 2007).  Section 3621(e)(2)(B) plainly grants the BOP discretion in decisions

17   regarding early release consideration, as it states that the period of custody after successful

18   completion of RDAP *"may be* reduced" by up to one year.   This statutory language shows the

19   discretionary nature of the BOP's decisions regarding early release consideration.  *See*

20   *Richardson*, 501 F.3d at 420 ("The grant of discretion to the BOP in § 3621(e)(2)(B) indicates that

21   no entitlement and, hence, no liberty interest, was created."); *see generally Lopez*, 531 U.S. at 241-

22   42 (discussing BOP's exercise of discretion under § 3621(e)(2)(B)).  The Ninth Circuit also found

23   no basis for a due process claim when it concluded that "inmates do not have a protected liberty

24   interest in either RDAP participation or in the associated discretionary early release benefit."

25   *Reeb*, 636 F.3d at 1228 n.4 (rejecting challenge to prisoner's removal from RDAP).  Ms.

26   Hendricks' assumed due process claim fails because she had no protected liberty interest in

27   obtaining early release upon completion of RDAP.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## IV.   <u>CONCLUSION</u>

The petition for a writ of habeas corpus is **DENIED**.  The Clerk shall close the file.


**IT IS SO ORDERED**.


Dated: September 9, 2020

_____
EDWARD M. CHEN
United States District Judge